Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:10 PM CST

STATE OF NEBRASKA, APPELLEE, V.
TYLER A. LINTZ, APPELLANT.
___ N.W.2d ___

Filed October 27, 2017.    No. S-16-1158.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.

4. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.

5. **Speedy Trial.** Addressing a claimed denial of statutory speedy trial rights in a motion for discharge involves a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial.

6. ____. When ruling on a motion for absolute discharge pursuant to Neb. Rev. Stat. § 29-1208 (Reissue 2016), the trial court shall make specific findings of each period of delay excludable under Neb. Rev. Stat. § 29-1207(4)(a) to (e) (Reissue 2016), in addition to the findings under § 29-1207(4)(f). Such findings shall include the date and nature of the proceedings, circumstances, or rulings which initiated and concluded each excludable period; the number of days composing

each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.

Appeal from the District Court for Scotts Bluff County, RANDALL L. LIPPSTREU, Judge, on appeal thereto from the County Court for Scotts Bluff County, JAMES M. WORDEN, Judge. Judgment of District Court reversed, and cause remanded with directions.

Darin J. Knepper, Scotts Bluff County Deputy Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

KELCH, J.

## INTRODUCTION

Tyler A. Lintz appeals the order of the district court for Scotts Bluff County that affirmed the county court's order denying his motion for absolute discharge. Lintz claims a violation of his statutory right to speedy trial. We reverse the district court's order and remand the cause to that court with directions to remand the matter to the county court with directions to enter an order that incorporates specific findings pursuant to our directive in *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

## BACKGROUND

Lintz was arrested on suspicion of domestic assault on February 5, 2016. On February 8, the State charged Lintz by complaint with third degree domestic assault, a Class I misdemeanor. See Neb. Rev. Stat. § 28-323 (Reissue 2016). Lintz requested a jury trial.

The county court scheduled the jury trial for August 9, 2016, with jury selection to begin 2 weeks earlier on July

26. Lintz failed to appear for the scheduled jury selection, and the county court ordered a bench warrant. The State amended the complaint to add a misdemeanor charge of failure to appear.

Lintz turned himself in on July 28, 2016, and that same day waived his right to a jury trial. The county court scheduled a bench trial for September 22.

On August 11, 2016, Lintz filed a motion for absolute discharge, alleging his constitutional and statutory rights to a speedy trial had been violated. The county court held a hearing on August 16. In a subsequent written order, it considered "[w]hether [Lintz'] right to speedy trial was violated when the court set the case for trial beyond the six month requirement even though [Lintz] failed to appear for jury selection *before* the six month requirement had expired." (Emphasis in original.) The county court reasoned that jury selection is a condition precedent to a jury trial and found that by failing to appear for jury selection, Lintz caused a delay in his trial. The county court further stated:

> Once a defendant has caused a delay due to a failure to appear for court, the time between the defendant's absence and the next reasonably available trial date is excluded. *Neb.Rev.Stat.* [§] 29-1207(4)(d) [(Reissue 2016)]. The trial was rescheduled within 60 days. A trial date scheduled within six months of the defendant's reappearance is presumed to be the next reasonably available trial date.

The county court denied Lintz' motion and ordered the case to be tried on September 22, as previously scheduled.

Lintz appealed to the district court, asserting only his statutory right to a speedy trial. Based on reasoning similar to the county court's, the district court affirmed.

Lintz now appeals to this court.

### ASSIGNMENT OF ERROR

Lintz assigns as error the denial of his motion for absolute discharge.

## STANDARD OF REVIEW

[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

## ANALYSIS

[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *State v. McColery*, 297 Neb. 53, 898 N.W.2d 349 (2017). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. *Id.* Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. *State v. McColery, supra.* And we have determined that a ruling on a motion for absolute discharge based upon an accused criminal's nonfrivolous claim that his or her speedy trial rights were violated is a ruling affecting a substantial right made during a special proceeding and is therefore final and appealable. See *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997). Here, the county court's order denying Lintz' motion for absolute discharge was final and appealable. However, a final, appealable order is not the only prerequisite for meaningful appellate review.

[5,6] Addressing a claimed denial of statutory speedy trial rights in a motion for discharge involves a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial. See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). But in

ruling on a motion to discharge, this court unequivocally requires specific findings regarding the statutorily excludable periods:

> Effective March 9, 2009, when ruling on a motion for absolute discharge pursuant to [Neb. Rev. Stat.] § 29-1208 [(Reissue 2016)], the trial court shall make specific findings of each period of delay excludable under § 29-1207(4)(a) to (e), in addition to the findings under § 29-1207(4)(f) . . . . Such findings *shall* include the date and nature of the proceedings, circumstances, or rulings which initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.

(Emphasis supplied.) *State v. Williams*, 277 Neb. at 143-44, 761 N.W.2d at 524. Therefore, the county court, as part of its ruling on Lintz' motion for absolute discharge, was required to set forth the above calculation as part of its findings in applying Neb. Rev. Stat. § 29-1207(4)(d) (Reissue 2016), but it did not.

We require this calculation of any excludable days pursuant to § 29-1207(4)(d) to facilitate appellate review. See *State v. Williams, supra*. A trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. See *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014). But we cannot review whether the trial court's determination of the facts is erroneous unless such factual determination is complete. Certainly, we appreciate the county court's issuing a written order, but without a computation as required by *State v. Williams, supra*, we cannot conduct a proper review. Accordingly, the county court's order must be remanded with directions to add the required computation. See *Rutherford v. Rutherford*, 277 Neb. 301, 761 N.W.2d 922 (2009) (remanding for failure to include child support

worksheet which was required by our rules and which would have facilitated meaningful review). Then, the parties may file new appeals from the corrected order. And henceforth, if a trial court fails to include the computation as required by *State v. Williams, supra*, in its order on a motion for absolute discharge, the appeal will be summarily remanded to the trial court so that it can prepare the required computation.

## CONCLUSION

We reverse the order of the district court and remand the cause to the district court with directions to further remand the matter to the county court with directions to enter specific findings pursuant to our directive in *State v. Williams, supra*.

REVERSED AND REMANDED WITH DIRECTIONS.