Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/02/2020 09:09 AM CDT

State of Nebraska, appellee, v.
James E. Liming, appellant.
___ N.W.2d ___

Filed July 10, 2020.    No. S-19-928.

1.  **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.
2.  **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
3.  **Speedy Trial.** The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).
4.  ____. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

Appeal from the District Court for Richardson County: Julie D. Smith, Judge. Affirmed.

Chad J. Wythers, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.
James E. Liming appeals the district court's order overruling his motion for absolute discharge in which he contended that

the State failed to bring him to trial within the time required by Neb. Rev. Stat. § 29-1207 (Reissue 2016). Liming's argument that his statutory right to a speedy trial was violated depends on his contention that the speedy trial clock was running during a period of delay that resulted from a continuance of a settlement conference granted at the State's request but to which Liming's counsel consented. We agree with the district court that this period of time did not count toward the 6-month speedy trial deadline. Based on this determination, we conclude that Liming's statutory right to a speedy trial was not violated and thus affirm.

## BACKGROUND

On October 16, 2018, the State filed a five-count information against Liming in the district court for Richardson County. The State charged Liming with second degree assault, use of a deadly weapon other than a firearm to commit a felony, unlawful discharge of a firearm, use of a firearm to commit a felony, and criminal mischief.

To the extent the procedural history of the case is relevant to Liming's argument that the State violated his statutory right to a speedy trial, we recount it with reference to specific dates below.

*Plea in Abatement.*

On October 18, 2018, Liming filed a plea in abatement. In an order issued January 22, 2019, the district court overruled the plea in abatement as to several counts alleged in the information, but sustained it as to the count alleging that Liming was guilty of use of a deadly weapon other than a firearm to commit a felony. The district court dismissed that count without prejudice. In the same order, the district court scheduled arraignment for February 5.

*Arraignment.*

On January 30, 2019, the State filed an amended information, which amended the previously dismissed count to

use of a firearm to commit a felony. On February 1, Liming filed a motion to continue the arraignment. On February 4, the district court granted Liming's motion to continue and rescheduled the arraignment for March 12. On March 5, the district court, on its own motion, continued the arraignment to March 19.

On March 19, 2019, Liming was arraigned on the amended information. Liming stood mute during the arraignment, and the district court entered pleas of not guilty on each count. After Liming was arraigned, the district court scheduled the matter for a pretrial hearing on April 23.

*Pretrial Hearing.*

On April 22, 2019, Liming filed a motion to continue the pretrial hearing. The district court granted Liming's motion that same day and rescheduled the pretrial hearing for May 14. The pretrial hearing was held on May 14.

At the pretrial hearing, the district court ordered the parties to participate in a settlement conference on June 18, 2019. The district court stated that the settlement conference was to take place outside the presence of the court, but added, "If the parties come to an agreement, we can do an entry of plea on June 18th, and if not, then we can set the matter for a jury trial."

The district court also issued a journal entry referring to the settlement conference. It directed the parties to engage in a settlement conference for no less than 15 minutes on June 18, 2019. While the district court stated at the pretrial hearing that the settlement conference would take place outside the presence of the court, the journal entry indicated the parties were to appear before the court following the settlement conference. The journal entry indicated that a "Hearing - Settlement Conference" was the next court appearance in the case. It also indicated that if the parties reached a plea agreement, an entry of plea hearing would be held, but if the parties did not, the court would schedule the matter for trial.

*Settlement Conference.*

On May 23, 2019, the State filed a motion to continue the settlement conference scheduled for June 18 because counsel for the State had a previously scheduled hearing in another court. The motion stated that counsel for the State had conferred with Liming's counsel and that Liming did not object to the State's request for a continuance. On May 24, the district court granted the State's requested continuance and rescheduled the settlement conference for July 9.

On July 9, 2019, counsel for the parties confirmed to the district court that they had participated in a settlement conference outside the presence of the court earlier that morning. When asked to report on the status of the case, Liming's counsel stated that the parties were ready for trial. The district court ordered that a jury trial would commence on September 24.

*Motion for Absolute Discharge.*

On September 23, 2019, the day before the jury trial was to begin, Liming filed a motion for absolute discharge in which he asserted that his statutory right to a speedy trial was violated. The district court held a hearing on Liming's motion the next day. At the hearing, the State offered and the district court received an email exchange between counsel for the State and counsel for Liming dated May 22, 2019. In the exchange, counsel for the State asked Liming's counsel if he objected to moving the settlement conference and Liming's counsel responded that he did not object to moving it.

The district court overruled the motion for absolute discharge from the bench and also entered a written order setting forth its reasoning. The district court found that after excluding delay that arose because of Liming's plea in abatement and the continuances of the arraignment, pretrial hearing, and settlement conference, time remained on the 6-month statutory speedy trial clock. Liming appealed.

## ASSIGNMENT OF ERROR

Liming assigns a single error on appeal. He argues that the district court erred when it overruled Liming's motion for absolute discharge.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *Id.*

## ANALYSIS

[3] Liming contends that he was entitled to absolute discharge because the State violated his statutory right to a speedy trial. The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016). *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Section 29-1207(1) provides in part that "[e]very person indicted or informed against for any offense shall be brought to trial within six months," but adds that "such time shall be computed as provided in this section." The statutory caveat that the 6-month time period is to be computed as provided in § 29-1207 is important, because that section provides a number of circumstances in which the 6-month clock to bring a defendant to trial is essentially stopped. See § 29-1207(4). But, if a defendant is not brought to trial before the 6-month deadline as extended by excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. See *Vela-Montes, supra*.

[4] To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the

information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *Lovvorn, supra*. Because the information in this case was filed on October 16, 2018, the State had until April 16, 2019, to bring Liming to trial if there were no excluded days.

The parties agree, however, that a number of days were excluded. The parties agree the 96-day period between the filing of the plea in abatement and the court's order ruling upon it should be excluded under § 29-1207(4)(a). The parties also agree that the 36-day period between the granting of Liming's motion to continue the arraignment and the next scheduled arraignment date should be excluded under § 29-1207(4)(b). Finally, the parties agree that the 22-day period from the granting of Liming's motion to continue the pretrial conference to the rescheduled pretrial conference should also be excluded under § 29-1207(4)(b).

We agree with the parties that all of the preceding days are excluded. However, these 154 excluded days would extend the time period to bring Liming to trial to only September 17, 2019, nearly a week prior to when Liming filed his motion for absolute discharge. Whether Liming was timely brought to trial thus depends on whether, as the district court determined, additional time is excluded as a result of the continuance of the settlement conference. On this question, the parties disagree.

The State argues that the district court correctly determined that a period of excluded time arose from the continuance of the settlement conference under § 29-1207(4)(b). That subsection provides that a "period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel" is to be excluded. *Id.* The State reasons that since Liming's counsel did not object to the State's request for a continuance, the resulting period of delay is excluded under § 29-1207(4)(b).

Liming does not dispute that the continuance occurred with the consent of his counsel. Neither does he disagree that some continuances requested by or agreed to by a defendant or his or

her counsel will result in excluded time. Instead, Liming takes the position that the delay occasioned by the continuance of a settlement conference does not result in a period of excluded time. He asserts this is the case because a settlement conference is "not recognized in Nebraska law in the context of a criminal case" and is not a "proceeding" for purposes of the speedy trial statute. Brief for appellant at 13, 14.

In support of his assertion that a settlement conference is not recognized in Nebraska law in criminal cases, he claims that settlement conferences are not mentioned in the Nebraska criminal procedure statutes or discussed in Nebraska appellate criminal cases. His argument that a settlement conference is not a proceeding draws on a definition of that term we adopted in interpreting it in § 29-1207(4)(a). In that context, we interpreted it to mean "'any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object.'" *State v. Murphy*, 255 Neb. 797, 803, 587 N.W.2d 384, 389 (1998).

In order to decide whether the delay caused by the continuance of the settlement conference resulted in a period of excluded time, we must interpret § 29-1207(4)(b). See *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019). Our basic principles of statutory interpretation require us to give statutory language its plain and ordinary meaning. See *State ex rel. Peterson v. Creative Comm. Promotions*, 302 Neb. 606, 924 N.W.2d 664 (2019). Those same principles prohibit us from reading a meaning into a statute that is not warranted by the legislative language or reading anything plain, direct, or unambiguous out of a statute. See *In re Estate of Radford*, 304 Neb. 205, 933 N.W.2d 595 (2019). Liming's argument cannot survive an application of these principles, as we will explain below.

First, Liming's argument finds no support in the language of § 29-1207(4)(b). Aside from the requirement that the continuance be granted at the request of or with the consent of the

defendant or defense counsel, that subsection puts no restrictions on the types of continuances that lead to excluded time. And unlike § 29-1207(4)(a), the term "proceeding" does not appear in § 29-1207(4)(b). Accordingly, even if Liming is correct that a court-ordered settlement conference is not specifically authorized by Nebraska statute or does not meet the § 29-1207(4)(a) definition of "proceeding," it does not follow that a delay caused by the continuance of a settlement conference results in no excluded time under § 29-1207(4)(b).

In addition, by arguing that only certain continuances result in excluded time under § 29-1207(4)(b), Liming is asking us to read meaning into a statute that is not warranted by its language. Not only does this run counter to our principles of statutory interpretation, we recently rejected a very similar argument. In *Lovvorn, supra*, the defendant argued that only when a continuance directly results in the postponement of a scheduled trial date is the resulting period of delay excluded from the speedy trial calculation. We rejected the argument, concluding that § 29-1207(4)(b) provides for excludable time "whenever there is a 'period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel.'" *Lovvorn*, 303 Neb. at 850, 932 N.W.2d at 69. Because the delay caused by the continuance in *Lovvorn* met this definition, we found it resulted in excluded time.

For essentially the same reason we rejected the defendant's argument in *Lovvorn*, we find that the delay caused by the continuance of the settlement conference in this case resulted in excluded time under § 29-1207(4)(b). The district court ordered the parties to, on June 18, 2019, participate in a settlement conference and, on the same day, appear in court to either enter a plea or schedule the trial. Because of the continuance to which Liming's counsel agreed, the parties were not obligated to do so until July 9. There was thus a period of delay resulting from a continuance granted with the consent of defendant's counsel. Such a period of delay results in excluded time under the language of § 29-1207(4)(b).

Having found that the continuance of the settlement conference resulted in excluded time, this leaves only a determination of how many days were excluded. As we made clear in *Lovvorn, supra*, the excluded time arising as a result of a continuance begins the day after the continuance is granted and runs to and includes the day on which the continuance ends. Here, the day after the continuance was granted was May 25, 2019, and the continuance ended on July 9 when the settlement conference was held. There were thus 46 excluded days as a result of the continuance of the pretrial conference.

The existence of another 46 excluded days means that the State could timely bring Liming to trial by November 2, 2019. Because Liming filed his motion for absolute discharge on September 23, his statutory right to a speedy trial had not been violated and the district court did not err in overruling his motion.

## CONCLUSION

We conclude the district court correctly overruled Liming's motion for absolute discharge and therefore affirm.

AFFIRMED.