Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/31/2020 09:11 AM CST

State of Nebraska, appellee, v.
Ellis Chapman, appellant.
___ N.W.2d ___

Filed October 9, 2020.    No. S-19-1065.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Speedy Trial: Final Orders: Appeal and Error.** An order denying an accused criminal's nonfrivolous motion for absolute discharge on statutory speedy trial grounds is a ruling affecting a substantial right in a special proceeding and is therefore final and appealable under Neb. Rev. Stat. § 25-1902(1)(b) (Supp. 2019).

3. **Speedy Trial: Indictments and Informations: Complaints.** Although Nebraska's speedy trial statutes, Neb. Rev. Stat. § 29-1201 et seq. (Reissue 2016), expressly refer to indictments and informations, they also apply to prosecutions commenced by the filing of a complaint in county court.

4. **Speedy Trial.** To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

5. **Speedy Trial: Proof.** The burden of proof is upon the State to show that one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) are applicable when the defendant is not tried within 6 months.

6. ____: ____. To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of excluded time by a preponderance of the evidence.

7. **Speedy Trial.** Under Neb. Rev. Stat. § 29-1208 (Reissue 2016), if a defendant is not brought to trial before the running of the time for trial as provided for in Neb. Rev. Stat. § 29-1207 (Reissue 2016), as

extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

Appeal from the District Court for Hall County, John H. Marsh, Judge, on appeal thereto from the County Court for Hall County, Arthur S. Wetzel, Judge. Judgment of District Court reversed and remanded with directions.

Jerrod P. Jaeger, Deputy Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Papik, J.
On March 29, 2017, the State filed theft charges against Ellis Chapman. Chapman did not appear for a scheduled arraignment approximately 2 weeks later, and the county court for Hall County issued a warrant for his arrest. Chapman was eventually arrested over 2 years later on April 24, 2019. Chapman later moved for absolute discharge under Nebraska's speedy trial statutes. The county court overruled Chapman's motion, finding that the time during which the arrest warrant was pending was excluded under the speedy trial statutes. The district court affirmed. Chapman now appeals to us, and we reverse, and remand. Because Chapman was not brought to trial within 6 months of the filing of charges and the State failed to carry its burden to show that any time was excluded for speedy trial purposes, Chapman was entitled to absolute discharge under the speedy trial statutes.

## BACKGROUND

*Charge and Arrest.*
On March 29, 2017, Chapman was charged by complaint in Hall County Court with one count of theft by unlawful

taking, $500 or less, second offense, a Class I misdemeanor. An arraignment was scheduled for April 12.

On the day of the scheduled arraignment, Chapman did not appear. During proceedings on the record, the State requested that the county court issue a warrant for his arrest. After finding probable cause that Chapman committed the offense, the county court issued an arrest warrant.

Chapman was eventually arrested, but not until April 24, 2019. One day later, he was brought before the county court where he pleaded not guilty to the pending charge. Then on July 1, Chapman filed a motion for absolute discharge. In it, Chapman asserted he was entitled to absolute discharge, because he had been denied his statutory right to a speedy trial guaranteed by Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

*Speedy Trial Proceedings.*

At the hearing on Chapman's motion for absolute discharge, the State offered the arrest warrant and subsequent orders extending it. The State did not present any evidence regarding efforts to serve the arrest warrant. The State also offered and the county court received a copy of a letter from the Hall County Attorney addressed to Chapman at an address in Omaha, Nebraska. The letter was dated March 28, 2017, and directed Chapman to appear in the county court on April 12, 2017, to answer for the theft charge. The letter was introduced without any accompanying testimony. At the April 25, 2019, hearing, during an exchange with the county court regarding his failure to appear for the April 12, 2017, arraignment, Chapman stated that he lived at a different Omaha address.

The county court overruled Chapman's motion for absolute discharge from the bench and characterized it as "frivolous." The county court stated that the period of time during which the arrest warrant was pending was excluded under the speedy trial statutes. With that time excluded, it concluded that Chapman's speedy trial rights had not been denied when he filed his motion for absolute discharge.

Chapman appealed the denial of his motion for absolute discharge to the district court. In his statement of errors, Chapman asserted that the county court erred by finding that the time during which the arrest warrant was pending did not count toward the statutory speedy trial deadline. He also asserted that the county court denied him a fair hearing and demonstrated bias and prejudice by finding his motion was frivolous.

Although the district court disagreed with the county court's finding that Chapman's motion was frivolous, it affirmed the denial of the motion for absolute discharge. The district court concluded that the county court did not demonstrate bias or prejudice and that it properly found that the time during which the arrest warrant was pending was excluded for speedy trial purposes.

Chapman now appeals the ruling of the district court.

## ASSIGNMENTS OF ERROR

Chapman assigns two errors on appeal. He contends that the district court erred by (1) finding that the county court correctly determined that the time during which the arrest warrant was pending was excluded for statutory speedy trial purposes and (2) finding that the county court had not denied Chapman a fair hearing.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

## ANALYSIS

*Jurisdiction.*

[2] We begin by briefly addressing our jurisdiction to hear this appeal. We have held on a number of occasions that an order denying an accused criminal's nonfrivolous motion for absolute discharge on statutory speedy trial grounds is

a ruling affecting a substantial right in a special proceeding and is therefore final and appealable under Neb. Rev. Stat. § 25-1902(1)(b) (Supp. 2019). See, e.g., *State v. Gill*, 297 Neb. 852, 901 N.W.2d 679 (2017). Here, the county court concluded that Chapman's motion for absolute discharge was frivolous. If that were the case, we would lack jurisdiction and would be required to dismiss the appeal. We will not, however, dismiss the appeal, because, as we will explain, Chapman's motion was not only not frivolous, it was meritorious.

*Speedy Trial Background.*

The statutory right to a speedy trial is set forth in §§ 29-1207 and 29-1208. *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Section 29-1207(1) expressly refers to indictments and informations, requiring that those "indicted or informed against for any offense shall be brought to trial within six months," adding that "such time shall be computed as provided in this section." In this case, charges were commenced against Chapman not by indictment or information, but by the filing of a complaint in county court.

[3] Although the speedy trial statutes expressly refer to indictments and informations, in *State v. Stevens*, 189 Neb. 487, 203 N.W.2d 499 (1973), this court held that they also apply to prosecutions commenced by the filing of a complaint in county court. We have subsequently observed that *Stevens* did so based on "questionable reasoning," but, in light of subsequent case law and the Legislature's apparent acquiescence in our construction, we have continued to apply the speedy trial statutes to cases commenced by the filing of a complaint in county court. See *State v. Schanaman*, 286 Neb. 125, 133, 835 N.W.2d 66, 71 (2013). See, also, *State v. Lebeau*, 280 Neb. 238, 241, 784 N.W.2d 921, 925 (2010) ("it is well settled that the [speedy trial statutes] also appl[y] to prosecutions on complaint in county court").

As noted above, the speedy trial statutes set a 6-month deadline in which a defendant must be brought to trial, but also provide that such time "shall be computed as provided

in this section." § 29-1207(1). Section 29-1207(4) goes on to provide a number of circumstances in which the 6-month clock to bring a defendant to trial is essentially stopped. See *State v. Liming*, 306 Neb. 475, 945 N.W.2d 882 (2020).

[4-7] To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *Lebeau, supra*. The burden of proof is upon the State to show that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). The State must prove the existence of excluded time by a preponderance of the evidence. See *id.* Under § 29-1208, if a defendant is not brought to trial before the 6-month deadline, as extended by any excluded periods, expires, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. See *Liming, supra*.

*Speedy Trial Analysis.*

Applying the speedy trial calculations in this case, the State had until September 29, 2017, to bring Chapman to trial unless it carried its burden to show the existence of excluded time. Section 29-1207(4)(d) does provide that a "period of delay resulting from the absence or unavailability of the defendant" is excluded. The county court and district court apparently believed that any time in which a defendant fails to appear and an arrest warrant is issued, the defendant is considered absent or unavailable under § 29-1207(4)(d) for all of the time during which the arrest warrant was pending. As we will explain, and as the State concedes, this conclusion is not supported by our precedent.

In *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992), we addressed the circumstances under which the pendency of an arrest warrant may result in excluded time under § 29-1207(4)(d). In *Richter*, we explained that, generally, no

excluded time arises under § 29-1207(4)(d) if the defendant fails to appear at a court proceeding of which he or she was not provided notice. We recognized a possible exception to this rule, however, suggesting that the pendency of a warrant alone may result in excluded time if the State can prove that "diligent efforts to secure [the defendant's] presence by the service of an arrest warrant have been tried and failed." *Richter*, 240 Neb. at 230, 481 N.W.2d at 206. The State acknowledges that under *Richter*, the pendency of an arrest warrant can result in excluded time under § 29-1207(4)(d) only if the State also proves it used diligent efforts to serve that warrant. It also admits that it introduced no such proof in this case.

Although the State concedes that the county court and district court erred by finding that the pending warrant resulted in excluded time, it contends that this case should be remanded to the county court because it made incomplete factual findings. Specifically, the State asserts that we should direct the county court to make a finding as to whether Chapman received notice of the April 12, 2017, scheduled arraignment at which he did not appear.

The State's position regarding the need for an additional factual finding apparently arises out of its understanding that *Richter* holds that if a defendant fails to appear at a proceeding of which he or she had actual notice, the defendant is absent or unavailable under § 29-1207(4)(d) and excluded time results. Chapman disputes this reading of *Richter*, contending that the case holds that a defendant is absent or unavailable under § 29-1207(4)(d) only if he or she fails to appear at a proceeding for which he or she was provided notice through a means of service prescribed by statute. He contends there is no proof of such service here.

In the end, it is not necessary for us to resolve the parties' competing interpretations of *Richter*. Even if the State is correct that a defendant's failure to appear at a proceeding of which he or she had actual notice results in excluded time, the State did not introduce any evidence that Chapman received actual notice of the April 12, 2017, scheduled arraignment.

The county court did receive into evidence a copy of the letter from the county attorney addressed to Chapman referencing the arraignment scheduled for April 12. But the State introduced no evidence that would allow a reasonable finder of fact to conclude that Chapman, in fact, received this letter. There was no testimony or other evidence about how, when, or by whom the letter was sent; how the address listed on the letter was obtained; why Chapman could be expected to receive the letter at that address; or whether the State had any other reason to believe that Chapman received the letter. The State admitted at oral argument that it failed to introduce evidence by which the county court could have concluded that Chapman received notice of the arraignment scheduled for April 12.

Despite its concession at oral argument that there was no evidence in the record that would permit a finding that Chapman received notice of the arraignment scheduled for April 12, 2017, the State continued to maintain that the case should be remanded to the county court for additional factual findings. This was required, the State suggested, by our cases holding that appellate review of speedy trial calculations requires complete factual findings. See, e.g., *State v. Lintz*, 298 Neb. 103, 902 N.W.2d 683 (2017). We disagree that our cases compel that result. While we have said that we cannot review a trial court's factual determinations for clear error if no such determinations have been made, see *Lintz, supra*, that principle would justify remand for additional factual findings only when there is competent evidence in the record that would allow the trial court to reach more than one factual conclusion without committing clear error. In a case like this one, however, where all agree that there is no competent evidence that would allow the county court to reasonably conclude that Chapman received notice of the arraignment scheduled for April 12, remand would serve no purpose.

Because the State did not carry its burden to show that any time was excluded from the speedy trial calculation and because it did not bring Chapman to trial within 6 months of the filing of charges, Chapman was entitled to absolute

discharge. Given our conclusion that Chapman was entitled to absolute discharge, there is no reason to address his second assignment of error, contending that he was denied a fair hearing in the county court.

## CONCLUSION

The county court and district court erred by finding that the pendency of the warrant resulted in excluded time. And the State did not introduce sufficient evidence at the speedy trial hearing that could support any other basis for excluded time. Because there was no evidence that would support a finding of excluded time and because Chapman was not brought to trial within 6 months of the filing of charges, he was entitled to absolute discharge under the speedy trial statutes. We thus reverse the district court's order and remand the cause with directions for that court to reverse the county court's order and remand the cause with directions to grant Chapman absolute discharge and dismiss the complaint against him.

REVERSED AND REMANDED WITH DIRECTIONS.

FREUDENBERG, J., not participating.