Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/26/2021 08:08 AM CST

State of Nebraska, appellee, v.
Samantha R. Blocher, appellant.

___ N.W.2d ___

Filed December 4, 2020.    No. S-19-1076.

1. **Judgments: Speedy Trial: Appeal and Error.** A trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
3. **Speedy Trial.** If a defendant is not brought to trial before the running of the time for trial as provided for in Neb. Rev. Stat. § 29-1207 (Reissue 2016), as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.
4. ____. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Samantha R. Blocher was arrested in Lancaster County and charged with one count of possession of methamphetamine. The day before her pretrial docket call, Blocher was arrested in Douglas County for shoplifting. Blocher did not appear for her Lancaster County docket call, and the district court issued a bench warrant for Blocher's arrest.

Blocher was arrested on the warrant by authorities at Douglas County Department of Corrections, but was not returned to Lancaster County. She was eventually convicted and sentenced for the shoplifting charge in Douglas County. After serving her sentence in Douglas County, Lancaster County sheriff's deputies took custody of Blocher and transported her to Lancaster County. Blocher was again ordered to appear for a pretrial docket call. She filed a motion to discharge, which was denied. Blocher appeals.

The issue presented by this appeal is whether the time Blocher spent incarcerated in Douglas County was properly attributable to Blocher for purposes of her speedy trial rights. The district court found that it was. We affirm the decision of the district court.

## BACKGROUND

On February 7, 2019, Blocher was charged by information with possession of methamphetamine, a Class IV felony. She filed several pretrial motions on February 11, and those motions were disposed of by the district court on February 19.

Blocher was ordered to appear for a jury docket call on April 17, 2019, but on April 16, Blocher was arrested for shoplifting in Douglas County. As a result, Blocher did not appear at the pretrial hearing in Lancaster County and a bench warrant was sought. That warrant was issued on April 19. Blocher was arrested on the warrant by authorities at Douglas County Department of Corrections on April 21, but was not transported back to Lancaster County.

Blocher was eventually convicted in Douglas County of third-offense shoplifting, a Class IV felony, and sentenced to jail time, most of it already served. She served the remainder of her sentence. Immediately upon release on July 11, 2019, Blocher was arrested by Lancaster County sheriff's deputies and transported to Lancaster County. A bond hearing was held on July 16. At that hearing, the Lancaster County District Court waived its earlier finding that Blocher had forfeited her bond, reasoning that Blocher had been in custody in Douglas County.

On August 7, 2019, Blocher was ordered to appear in Lancaster County on August 21 for a docket call hearing in preparation for trial set during the jury term beginning September 9. On August 16, Blocher filed a motion for absolute discharge. A hearing was held, after which the district court issued a written order denying the motion. Blocher appeals.

## ASSIGNMENT OF ERROR

Blocher assigns, restated, that the Lancaster County District Court erred in excluding from her speedy trial calculation the time she spent incarcerated while awaiting charges in Douglas County and while serving her sentence, and in turn denying her motion for discharge.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[1]

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.[2]

---

[1] *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

[2] *Id.*

## ANALYSIS

[3] The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).[3] Section 29-1207(1) provides that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." If a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.[4]

[4] To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4).[5] Section 29-1207(4) provides in relevant part:

The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and the period during which he or she is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

. . . .

(d) The period of delay resulting from the absence or unavailability of the defendant.

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

We have held that a defendant who is given notice to appear for trial and fails to do so is absent or unavailable for purposes of § 29-1207(4)(d). In such a case, the time from the failure to appear until the "next reasonably available trial date" after the defendant reappears is attributable to the defendant.[6] A trial date within 6 months of the reappearance of the defendant is presumed to be reasonable.[7]

The information in Lancaster County was filed against Blocher on February 7, 2019, so the State initially had until August 7 to bring Blocher to trial. But the State and Blocher agree that Blocher had filed pretrial motions on February 11. Those motions were disposed of on February 19. Under § 29-1207(4)(a), this delay of 8 days was attributable to Blocher and pushed the date by which the State had to try her until August 15.

Blocher was ordered to appear for a pretrial docket call on April 17, 2019. She did not appear. On appeal, Blocher argues that she was ordered to appear unless "incarcerated" and that because she had been arrested and was confined in Douglas County, she therefore was not absent or unavailable. Blocher further asserts that even if she was absent or unavailable, the time spent in Douglas County was not attributable to her, because Lancaster County was aware of her presence in Douglas County and did not do enough to ensure her presence at trial.

We turn first to Blocher's assertion that she was not absent or unavailable on April 17, 2019. The record shows that on April 3, the district court filed its order to appear at a docket call. That filing consisted of a cover letter that ordered "[a]ll defendants (except those incarcerated)" to appear. It also included a list of those individuals on the docket call which separately denoted those that were incarcerated. The filing

---

[6] See *State v. Petty*, 269 Neb. 205, 213, 691 N.W.2d 101, 107 (2005). See, also, *State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988).

[7] See *Petty, supra* note 6.

ended by noting that "[t]he defendant can only be excused from appearing at docket call upon order of the Court." Blocher's name is listed and is not separately denoted as incarcerated. Nor does Blocher argue that she did not receive notice that she was to attend.[8] We conclude that when Blocher failed to appear, she was absent or unavailable for purposes of § 29-1207(4)(d). At least on these facts, her arrest in Douglas County did not act to relieve her of her responsibility to appear.

We turn next to Blocher's assertion that even if she was initially absent or unavailable, that time is nevertheless unattributable to her, because Lancaster County "did not prove that it took any efforts to secure [her] appearance and that such efforts were unsuccessful, or that such efforts would have been futile."[9]

We disagree that on these facts, Lancaster County did not make any effort to secure Blocher's presence. The record shows that upon Blocher's failure to appear, a warrant was ordered for her arrest. That warrant was actually issued the next day and was served on Blocher 2 days later. At that time, Blocher was arrested by authorities at Douglas County Department of Corrections, but remained in Douglas County until the charges against her there were concluded and she finished serving her sentence. Blocher was immediately taken into custody by Lancaster County authorities and transported to Lancaster County.

Blocher asserts only that she was charged, not by an individual county, but by the State, and that as such, it was within the power of Lancaster County to have her returned to Lancaster County for trial. But she directs us to no authority that would support the conclusion that one county in Nebraska may require another county to transfer custody of a defendant, and our research has revealed none.

---

[8] See, e.g., *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992).

[9] Brief for appellant at 8.

Moreover, while there is no Nebraska case law directly on point, we have said, under similar facts but in the context of a constitutional speedy trial analysis, that requiring a county to take steps to secure the presence of defendant "ignores the fact that such action could have affected his availability for pretrial proceedings and trial on the . . . charges [pending in another county], resulting in the delay of their disposition."[10]

The record shows that the State, acting through the Lancaster County Attorney, sought a bench warrant, which was issued within a few days after Blocher's failure to appear. Blocher was arrested on that warrant a few days after it was issued. The warrant was eventually returned on July 12, 2019, noting that Lancaster County had taken custody of Blocher on July 11, as soon as she was released from her sentence in Douglas County. At that time, Blocher was returned to Lancaster County. We conclude that on these facts, Lancaster County acted with sufficient diligence to secure Blocher's presence.

We are not persuaded by Blocher's reliance on *State v. Steele*,[11] because we find it distinguishable. In *Steele*, the defendant was out on bond on charges in Lancaster County, when a warrant was issued for his arrest in Colorado. Lancaster County arrested him on that warrant and later voluntarily returned the defendant to Colorado. However, the county failed to lodge a detainer against the defendant. In this case, though, Lancaster County did not voluntarily transfer custody to Douglas County, nor did it fail to take any necessary legal steps to secure Blocher's return.

Finally, we observe that while the district court relied on § 29-1207(4)(d) to support the entire time between Blocher's arrest and eventual release in Douglas County, at least a portion of that time period would also appear to be properly excluded under § 29-1207(4)(a), which excludes "[t]he

---

[10] *State v. Tucker*, 259 Neb. 225, 232, 609 N.W.2d 306, 312 (2000).

[11] *State v. Steele*, 261 Neb. 541, 624 N.W.2d 1 (2001).

period of delay resulting from other proceedings concerning the defendant, including, but not limited to . . . the time consumed in the trial of other charges against the defendant."

While Blocher pled no contest to the charge in Douglas County and so did not go to trial, she was incarcerated during the pendency of charges against her in Douglas County. Broadly construed, § 29-1207(4)(a) applies to proceedings in the pending case as well as to proceedings in other pending cases; in addition, the plain language envisions that the periods of delay are not limited to those listed.

The district court did not err in excluding the time period from April 17, 2019, until the September 9 trial date. That trial date was within 6 months of Blocher's reappearance in Lancaster County and presumed to be the next reasonably available trial date. In turn, the district court did not err in denying Blocher's motion to discharge.

## CONCLUSION

The decision of the district court is affirmed.

Affirmed.