Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/13/2021 08:12 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
JAIME A. HERNANDEZ, JR., APPELLANT.
___ N.W.2d___

Filed May 21, 2021.    No. S-20-719.

1. **Judgments: Speedy Trial: Appeal and Error.** A trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Appeal and Error.** Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.

3. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.

4. **Speedy Trial.** The primary burden of bringing an accused person to trial within the time provided by law is upon the State.

5. ____. To calculate the time for statutory speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

6. ____. When calculating the time for speedy trial purposes, the State bears the burden to show, by the greater weight of the evidence, that one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) are applicable.

7. **Pleadings: Evidence: Waiver: Words and Phrases.** A judicial admission, as a formal act done in the course of judicial proceedings, is a substitute for evidence and thereby waives and dispenses with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by an opponent is true.

8. **Pleadings: Intent.** Judicial admissions must be deliberate, clear, and unequivocal, and they do not extend beyond the intent of the admission as disclosed by its context.

9. **Pleadings.** Formal acts that may operate as judicial admissions include statements made in pleadings.

10. **Trial: Attorney and Client.** Statements made by a party or his or her attorney during the course of a trial may be judicial admissions.

11. **Speedy Trial: Notice.** A criminal defendant must be properly notified of the need to appear in court on a given date and time before failure to so appear can initiate a period of excludable time.

12. **Speedy Trial: Words and Phrases.** For purposes of Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016), a proceeding is, in a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object.

Appeal from the District Court for Douglas County: Marlon A. Polk, Judge. Reversed and remanded with directions.

Thomas C. Riley, Douglas County Public Defender, and Rebekah S. Keller for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

Jaime A. Hernandez, Jr., appeals from the denial of absolute discharge pursuant to the speedy trial statute.[1] At the hearing, the State argued that, despite no evidence of any effort to serve a bench warrant, its mere issuance "stopped the clock for purposes of speedy trial." Realizing that the argument below was flawed,[2] the State on appeal relies upon Hernandez'

---

[1] See Neb. Rev. Stat. §§ 29-1205 to 29-1209 (Reissue 2016).

[2] See, e.g., *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020).

"'judicial admissions'" to prove excludable time.[3] While we agree a defendant's admissions may be so used, neither the admissions here nor reasonable inferences from them established excludable time for either "absence or unavailability"[4] or "other proceedings."[5] Therefore, we reverse, and remand.

BACKGROUND

By an information filed on January 15, 2020, the State charged Hernandez with one count of possession of methamphetamine, a Class IV felony. He pled not guilty in writing and was released from custody, pending trial, under the condition that he participate in the "24/7 Sobriety Program." The written plea did not specify any date requiring his appearance in court. On the same day that his written plea was filed, both a motion for discovery and an order for reciprocal discovery (thereby disposing of the discovery motion) were filed.

On April 16, 2020, a bench warrant was issued for Hernandez' arrest due to his nonparticipation in the 24/7 program. Our record does not show that any effort was made to serve the warrant. No other proceedings occurred within 6 months of the State bringing the charge.

On August 4, 2020, Hernandez filed a motion for absolute discharge, alleging a violation of his statutory speedy trial rights pursuant to § 29-1207. His motion, in addition to requesting discharge, stated factual allegations.

Among the factual statements specifically set forth in the motion, it informed the court:

• The information was "filed on January 15, 2020."
• "That on or about February 21, 2020, to April 3, 2020, [Hernandez] was incarcerated in Iowa."
• "That on or about June 3, 2020, [Hernandez] was incarcerated in Iowa and remains in custody."

---

[3] Brief for appellee at 7.

[4] See § 29-1207(4)(d).

[5] See § 29-1207(4)(a).

• "That on or about April 16, 2020, [the district court] issued a warrant for [Hernandez'] arrest for violation of 24/7 Sobriety Program."

• "That this warrant was never served on [Hernandez]."

Hernandez' motion did not make any other reference to proceedings pending against him in Iowa.

At the hearing on Hernandez' motion, the State presented no evidence. The State argued that the issuance of the bench warrant "stopped the clock for purposes of speedy trial." Hernandez' counsel disagreed and responded by reiterating the statements made in the motion, but she did not refer to any pending proceedings against Hernandez. Instead, Hernandez' counsel verbally informed the court that Hernandez was expected to "complete that sentence" in January 2021.

The district court overruled Hernandez' motion. In the court's written order, it noted that "[Hernandez] has been, and remains, in custody in . . . Iowa for unrelated charges since February 21, 2020." The court determined that there was a delay in Hernandez' trial due to the "'absence or unavailability of [Hernandez]'" and the "'other proceedings concerning [Hernandez],'" which both constituted provided grounds for an excludable period under the speedy trial statute. Finding 114 days of excludable time, the court determined Hernandez' statutory speedy trial rights had not been violated.

Hernandez perfected a timely appeal, which we moved to our docket.[6]

## ASSIGNMENTS OF ERROR

Hernandez assigns overarching error in the district court's denial of his motion for absolute discharge. He specifically assigns, reordered, that the court erred in doing so, (1) "where the State failed to introduce evidence that could support any finding of excludable time," (2) by finding an excludable period of time under § 29-1207(4)(d) (absence or

[6] See Neb. Rev. Stat. § 24-1106(2) and (3) (Cum. Supp. 2020).

unavailability), and (3) by finding an excludable period of time under § 29-1207(4)(a) (other proceedings).

## STANDARD OF REVIEW

[1,2] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[7] Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.[8]

[3] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.[9]

## ANALYSIS

We begin by noting, as did the district court, that Hernandez asserts his rights only under the speedy trial statute.[10] He does not rely upon the interstate Agreement on Detainers.[11]

### General Speedy Trial Principles

[4] In Nebraska, a criminal defendant's statutory speedy trial rights are governed by §§ 29-1207 and 29-1208.[12] Summarized, § 29-1207 requires that every person "indicted or informed against for any offense shall be brought to trial within six months" and generally provides that the "six-month period shall commence to run from the date the indictment is

---

[7] *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020).

[8] *State v. Pullens*, 281 Neb. 828, 800 N.W.2d 202 (2011).

[9] *Blocher, supra* note 7.

[10] See §§ 29-1205 to 29-1209.

[11] See Neb. Rev. Stat. §§ 29-759 to 29-765 (Reissue 2016).

[12] *State v. Jennings*, 308 Neb. 835, 957 N.W.2d 143 (2021).

returned or the information filed."[13] The primary burden of bringing an accused person to trial within the time provided by law is upon the State.[14]

[5] To calculate the time for statutory speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[15] If a defendant is "not brought to trial before the running of the time for trial as provided for in section 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged."[16]

Here, the State charged Hernandez by information on January 15, 2020. Excluding the day the information was filed, counting forward 6 months, and backing up 1 day, the State was required to bring Hernandez to trial on or before July 15 unless some period of that time was excludable.

[6] When calculating the time for speedy trial purposes, the State bears the burden to show, by the greater weight of the evidence, that one or more of the excluded time periods under § 29-1207(4) are applicable.[17] This burden—viewed through the prism of our standard of review—and how that burden may be satisfied are at the heart of this appeal.

## JUDICIAL ADMISSIONS

Hernandez asserts that by presenting no evidence at the hearing on his motion, the State necessarily failed to meet its burden of proof. The State responds that it was entitled to

---

[13] Accord *Jennings, supra* note 12.

[14] *State v. Steele*, 261 Neb. 541, 624 N.W.2d 1 (2001).

[15] *Jennings, supra* note 12.

[16] § 29-1208. Accord *Jennings, supra* note 12.

[17] See *Jennings, supra* note 12. See, also, *State v. Gilliam*, 292 Neb. 770, 874 N.W.2d 48 (2016) (preponderance of evidence is equivalent of greater weight of evidence).

rely on Hernandez' judicial admissions—particularly, those made in his motion. We agree with the State.

[7-10] A judicial admission, as a formal act done in the course of judicial proceedings, is a substitute for evidence and thereby waives and dispenses with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by an opponent is true.[18] Judicial admissions must be deliberate, clear, and unequivocal, and they do not extend beyond the intent of the admission as disclosed by its context.[19] Formal acts that may operate as judicial admissions include statements made in pleadings.[20] Further, statements made by a party or his or her attorney during the course of a trial may be judicial admissions.[21]

We see no reason why these principles should not apply to admissions made in a motion for absolute discharge filed under §§ 29-1205 to 29-1209. We express no opinion regarding their applicability to other proceedings governed by chapter 29 of the Nebraska Revised Statutes.

Hernandez judicially admitted that (1) he was charged by information on January 15, 2020; (2) he was incarcerated in Iowa on February 21 to April 3; (3) the court issued a bench warrant for him on April 16, but it was never served on him; (4) he was then incarcerated in Iowa since June 3; and (5) he was expected to complete his Iowa sentence in January 2021.

The State was entitled to take advantage of these admissions. Therefore, the State's failure to produce its own evidence did not necessarily mean that the district court erred in overruling Hernandez' motion. Hernandez' first specific assignment lacks merit. We now turn to the question of whether the

---

[18] *State v. Canady*, 263 Neb. 552, 641 N.W.2d 43 (2002).

[19] *State v. Burke*, 23 Neb. App. 750, 876 N.W.2d 922 (2016).

[20] See *Wisner v. Vandelay Investments*, 300 Neb. 825, 916 N.W.2d 698 (2018).

[21] See Neb. Rev. Stat. § 7-107(2) (Reissue 2012).

district court clearly erred in finding Hernandez' admissions sufficient to establish excludable time.

### "Absence or Unavailability" Exclusion

Hernandez assigns that the court erred by finding an excludable period for time existed under § 29-1207(4)(d). This subsection provides that an excludable period of time for speedy trial purposes may result from the "period of delay resulting from the absence or unavailability of the defendant."[22] Whether a defendant's unavailability is an excludable time period under § 29-1207(4)(d) depends upon whether it is attributable to the State or to the defendant.[23]

At the hearing regarding Hernandez' motion, the State argued that the bench warrant issued by the court stopped the speedy trial clock under § 29-1207(4)(d). The State speculated, "That warrant would have been the same warrant that [the court would have issued] if we had a pretrial and [Hernandez] didn't appear . . . ." Realizing that this argument overlooks the State's burden to notify Hernandez of his need to appear in court, the State does not reassert this argument on appeal. Instead, the State relies solely on § 29-1207(4)(a) and finds "no need to address . . . § 29-1207(4)(d)."[24] However, we take this opportunity to again dispel the misconception that the speedy trial clock automatically stops once a warrant is issued.

[11] In *State v. Chapman*,[25] this court reiterated that when a defendant fails to appear and an arrest warrant is issued, the defendant is not necessarily considered absent or unavailable under § 29-1207(4)(d) for all of the time during which the arrest warrant was pending.[26] A criminal defendant must be properly notified of the need to appear in court on a given

---

[22] § 29-1207(4)(d).

[23] *Steele, supra* note 14.

[24] Brief for appellee at 10.

[25] *Chapman, supra* note 2.

[26] See, also, *Jennings, supra* note 12.

date and time before failure to so appear can initiate a period of excludable time.[27] Here, the written arraignment lacked any such notice—a practice making it difficult or impossible for the State to show that a defendant was notified of the need to appear. We recognized a possible exception to the rule requiring notice, however, suggesting that the pendency of a warrant alone may result in excluded time if the State can prove that "'diligent efforts to secure [the defendant's] presence by the service of an arrest warrant have been tried and failed.'"[28] The State has the burden to prove that it used diligent efforts to serve the warrant.[29]

Here, contrary to the court's written order that cited a single continuous period of incarceration, Hernandez was incarcerated two different times—from February 21 to April 3, 2020, and from June 3 to a date beyond the filing of his motion. The bench warrant was not issued until April 16. Accordingly, the only period of incarceration that could arguably constitute a time period in which Hernandez was "absent or unavailable" was the later one.

However, Hernandez was not incarcerated at the time that the court issued the bench warrant. Yet, the State failed to serve the court's bench warrant and it did not present any evidence, nor can it be reasonably inferred from Hernandez' admissions, that the State made diligent efforts to serve the warrant on Hernandez when he was not incarcerated and available to be served. Moreover, there was no evidence that the State at any time lodged or attempted to lodge a detainer against Hernandez with any official or institution in Iowa pursuant to the interstate Agreement on Detainers.[30] Therefore, because Hernandez

[27] *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992).

[28] *Chapman, supra* note 2, 307 Neb. at 449, 949 N.W.2d at 494 (quoting *Richter, supra* note 27). See, also, *Jennings, supra* note 12.

[29] See *Chapman, supra* note 2.

[30] See § 29-759. See, also, *State v. Williams*, 253 Neb. 619, 573 N.W.2d 106 (1997) (arrest warrant can serve as detainer).

was not absent or unavailable under § 29-1207(4)(d), the court clearly erred in finding that the times of his Iowa incarceration were excluded.

## "Other Proceedings" Exclusion

Hernandez also assigns that the court erred by finding excludable time under § 29-1207(4)(a). Hernandez argues that there was no evidence that a delay occurred in his case due to other pending proceedings against him. The subsection explains that an excludable period of time for speedy trial purposes may result from "other proceedings concerning the defendant, including, but not limited to, . . . the time consumed in the trial of other charges against the defendant."[31]

The State encourages us to extend our decision in *State v. Blocher*[32] and rule that the entire time that Hernandez was incarcerated in another state qualifies as excludable time. In *Blocher*, we determined that a *portion* of the time that a defendant was held in one Nebraska county pending proceedings in that county served as excludable time under § 29-1207(4)(a) for charges pending in another Nebraska county. We explained, "§ 29-1207(4)(a) applies to proceedings in the pending case as well as to proceedings in other *pending* cases."[33]

[12] The State would expand the term "proceeding" too broadly. Drawing on a legal dictionary, we have defined a "proceeding" for speedy trial purposes.[34] For purposes of § 29-1207(4)(a), a proceeding is, in a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object.[35] We warned that "proceeding" was not to be read so broadly as to encompass

―――――――――

[31] § 29-1207(4)(a).

[32] See *Blocher, supra* note 7.

[33] *Id.* at 881, 951 N.W.2d at 504 (emphasis supplied).

[34] See *State v. Tamayo*, 280 Neb. 836, 791 N.W.2d 152 (2010).

[35] See *id.*

"'any delay at trial that "concerns" the defendant,'" because "'[i]f the Legislature had intended that the term "proceeding" encompass such a broad purview, there would have been little reason for the Legislature to have provided for exclusion under § 29-1207(4)(f), the "catchall provision."'"[36]

The State did not present any evidence, nor did Hernandez judicially admit, that there were any pending proceedings against Hernandez—only that he was "incarcerated in Iowa." Moreover, at the hearing, Hernandez' counsel informed the court that Hernandez was expected to "complete that sentence" in January 2021.

The expected completion date implied that any proceedings in Iowa regarding Hernandez had already been concluded and that he was incarcerated solely for the purpose of completing a sentence. Accordingly, the district court could not reasonably infer that Hernandez was incarcerated pursuant to a pending proceeding. It necessarily follows that the court clearly erred in finding that an excludable period of time existed under § 29-1207(4)(a).

## CONCLUSION

The State failed to bring Hernandez to trial within its 6-month statutory deadline. The only evidence—Hernandez' judicial admissions—did not prove or permit a reasonable inference of delay resulting from either "absence or unavailability" or "other proceedings." The court clearly erred in overruling Hernandez' motion for absolute discharge. We reverse the district court's order and remand the cause with directions to dismiss the information against Hernandez.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[36] See *id.* at 843-44, 791 N.W.2d at 157.