Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/20/2022 09:07 AM CDT

- 322 -

**Nebraska Court of Appeals Advance Sheets**
**31 Nebraska Appellate Reports**
STATE v. OSTERMEIER
Cite as 31 Neb. App. 322

**State of Nebraska, appellee, v.
Jayston R. Ostermeier, appellant.**

___ N.W.2d ___

Filed September 13, 2022.    No. A-21-834.

1. **Judgments: Speedy Trial: Appeal and Error.** A trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Appeal and Error.** Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.

3. **Speedy Trial.** To calculate the time for statutory speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

4. **Speedy Trial: Good Cause: Words and Phrases.** "Good cause," for purposes of Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016), means a substantial reason and one that affords a legal excuse.

5. **Good Cause.** Good cause is a factual question dealt with on a case-by-case basis. A district court's good cause finding must be supported by the evidence in the record. The court must make specific findings as to the good cause which resulted in the delay.

6. **Motions for Continuance.** Evidence of good cause can be properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial.

7. **Speedy Trial.** The only timing requirement implicit in Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) is that the substantial reason affording a legal excuse objectively existed at the time of the delay.

8. **Speedy Trial: Good Cause.** As a general matter, the COVID-19 pandemic and the public health interests attendant thereto may provide good cause for delays.
9. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Butler County: James C. Stecker, Judge. Affirmed.

Neal J. Valorz, of Sipple, Hansen, Emerson, Schumacher, Klutman & Valorz, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Pirtle, Chief Judge, and Bishop and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Jayston R. Ostermeier appeals from an order of the district court for Butler County which denied his motion for absolute discharge. Ostermeier argues that the district court erred when it found that good cause existed to exclude certain periods of time due to the COVID-19 pandemic and in finding that his prior counsel consented to a period of delay. We find that Ostermeier's statutory speedy trial rights were not violated. Therefore, we affirm.

## BACKGROUND

On August 14, 2020, Ostermeier was charged by information with one count of first degree sexual assault, a Class II felony, and one count of contributing to the delinquency of a minor, a Class I misdemeanor. On October 6, Ostermeier was arraigned and pled not guilty. During the course of the hearing, the district court ordered that the case be set for jury trial to occur in the January 11, 2021, jury term. We note that during the course of the arraignment, the court told Ostermeier that

the case could be set for trial in either the November 2020 term or the January 2021 term. Ostermeier's counsel requested that trial be set in January, noting that the later setting would provide adequate time to allow him to conduct discovery and negotiate a plea agreement.

No written journal entry or order was produced from the October 6, 2020, hearing which memorialized the trial setting. The district court's bailiff, Tracy Svoboda, who normally inputs trial dates into journal entries, was not present at the hearing due to an illness. According to her affidavit received at the hearing on the motion to discharge, had she been present for the hearing, a journal entry would have been created showing the trial date which was set.

On November 24, 2020, the district court entered an amended administrative order (the November 2020 Administrative Order) which indicated that the "risk dial" in all three health districts of Saunders, Butler, and Colfax Counties had moved from "'High'" to "'Severe'" as of November 19. As a result, the court found that changes in procedure and scheduling were necessary to protect the public. The court determined that good cause existed to continue all criminal jury trials that were scheduled during December 2020 to a date after January 8, 2021, due to the heightened health risk to jurors, court personnel, litigants, and interpreters.

On December 22, 2020, a general order was entered showing all of the criminal cases from Butler, Saunders, and Colfax Counties that were set for trial during the January 11, 2021, jury term. Five cases were listed and placed into an order of priority. This case was not listed in the general order. In her affidavit, Svoboda explained that had a journal entry been entered from the October 6, 2020, hearing memorializing the trial setting, the case would have been included in the general order.

On December 23, 2020, the district court issued orders continuing all of the jury trials that were scheduled to commence during the January 11, 2021, jury term for good cause. The

district court found that the current "risk dial" for COVID-19 remained at "'high'" and was nearly reaching "'severe.'" The district court found that the next available date for the court to conduct jury trials was the trial term commencing March 15. The December 2020 order was filed in all five cases for defendants who had jury trials scheduled for the January 11, 2021, jury term. However, because Ostermeier's case was not included on the list of jury trials scheduled for the January 11 jury term, no order was entered in Ostermeier's case.

Our record does not demonstrate how Ostermeier was informed that trial would not occur in January 2021. However, a status hearing was scheduled for January 26. That hearing was continued pursuant to an order entered by the court on January 25. The court found that the status hearing should be continued to February 2 due to inclement weather.

At the status hearing on February 2, 2021, a discussion occurred between the court, the county attorney, and Ostermeier's counsel about when trial should be rescheduled. Ostermeier's counsel requested that the case be set for trial with additional status hearings scheduled as needed. Defense counsel indicated that he did not know if trials were currently occurring due to the COVID-19 pandemic. The following exchange occurred:

> THE COURT: Well, we'll probably put it on the May trial term and, hopefully, by then they will be. So I'm looking at May 10th through the 14th is the jury term. We'll place it on that jury term. Do you want a status hearing in late March?
>
> [Ostermeier's counsel:] That would be fine. That would be fine, Your Honor.
>
> THE COURT: Okay. March —
>
> [Ostermeier's counsel:] And I'm available May 10th.

There was no further discussion on the record about why the trial needed to be held in May 2021.

On April 15, 2021, Ostermeier's counsel filed a "Motion for Discharge," alleging that the last day to bring Ostermeier

to trial was February 22, 2021. In his motion, he requested an order of absolute discharge.

On June 22, 2021, the initial trial judge recused herself from the case. The judge found that there was a potential conflict because her bailiff had been identified as a witness. The case was reassigned to a different district court judge.

On July 8, 2021, Ostermeier filed an amended motion for discharge, which is the operative motion for purposes of this appeal. In his amended motion for discharge, he asserted that the last day to bring him to trial was February 15, 2021, and he prayed for an order of absolute discharge.

A hearing on the amended motion for discharge was held on July 15, 2021. At the hearing, the State offered into evidence multiple exhibits. Svoboda authored two affidavits with several attachments which were received into evidence. As stated earlier, Svoboda averred that because she was absent due to an illness on October 6, 2020, Ostermeier's trial date was not memorialized in a journal entry. In addition, his case was not included in the December 22 order which listed the five cases that were set for criminal jury trials during the January 11, 2021, jury term. She explained that because his case was not included in the list of cases, the December 23, 2020, order of continuance which was entered in the five other cases was not entered in his case. Copies of the December 23 orders were received in support of Svoboda's affidavit. Svoboda further stated that neither the county attorney, defense counsel, nor the clerk of the district court inquired of her regarding the January 11, 2021, trial setting at any time prior to that date.

Svoboda further averred that the cases that were initially scheduled for the January 11, 2021, jury term were continued until the March 15 jury term. On February 8, a general order was issued by the court that showed 17 criminal jury trials scheduled for the March jury term. On February 11, an "Updated Jury Progression Order" was issued listing 10 cases as remaining for the March jury term. Consistent with the setting made at the February 2 hearing, neither of these orders

listed the present case. On April 13, a general order was issued listing the cases scheduled for the jury term commencing May 10. That order included the present case among the 12 cases set. Svoboda averred that two cases set for the March jury term had higher priority than the remaining cases. The remaining cases that were not otherwise resolved were continued to the May jury term. The court also received a supplemental affidavit from Svoboda. In that affidavit, the caseload presided over by the original trial judge is detailed. The affidavit reveals that 680 cases were opened in the three counties in which the trial court regularly presides during 2020 and that 310 new cases were opened by May 31. She also noted that the trial court had received assignments of cases in four additional counties during that period. Svoboda then stated that during 2020 and 2021, the COVID-19 pandemic delayed the progression of cases. She noted that the docket moved forward only to the extent allowable under "CDC guidelines," the result being significant disruption and congestion of the docket and a large backlog of cases waiting for disposition.

Ostermeier offered, and the court received, a publication by the Nebraska Supreme Court and the Pandemic Bench Book Task Force entitled the "Nebraska Pandemic Bench Book." The court also received Ostermeier's offer of administrative orders from the Supreme Court issued in March and April 2020. Both orders acknowledge the ongoing health emergency and provide guidance as to who should or should not appear for hearings. Both orders find that only the Chief Justice of the Nebraska Supreme Court can declare a nonjudicial day and that the courts should remain open while following emergency preparedness guidelines.

During the hearing, Ostermeier called the clerk of the Butler County District Court to testify. She identified two cases that had been set for jury trial before other judges in February 2021. However, according to her testimony, neither case was tried in February and, in fact, one was tried in May. Orders filed in both cases during February were also offered and

received. In both cases, the defendants moved to continue trial to a later date.

The district court denied Ostermeier's amended motion for discharge. The district court determined that pursuant to the November 2020 Administrative Order, there was good cause to continue all jury trials to a date after January 8, 2021. The December 23, 2020, order was filed for all other criminal jury trials that were scheduled for the January 11, 2021, jury term. However, the district court acknowledged that no order was entered in the present case. The district court also found that Ostermeier's counsel's statements at the February 2 hearing that a May 10 trial would be "fine" and that he was "available May 10th" constituted consent of Ostermeier or his counsel for an additional delay.

The district court explained that the information was filed on August 14, 2020. As such, without any excludable periods, the last day to bring Ostermeier to trial would have been February 14, 2021. The district court found that the time period from August 14 to December 23, 2020, ran against the State. The time periods from December 23, 2020, to January 11, 2021, and from January 11 to February 2, 2021, were excludable from the speedy trial calculation for good cause due to the pandemic. Similarly, the district court found that the time period from February 2 to May 10, 2021, was excludable not only for good cause due to the pandemic, but also due to Ostermeier's consent to have the trial delayed.

Ostermeier now appeals to this court.

## ASSIGNMENT OF ERROR

On appeal, Ostermeier's sole assignment of error is that the district court erred in overruling his amended motion for discharge.

## STANDARD OF REVIEW

[1,2] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly

erroneous. *State v. Hernandez*, 309 Neb. 299, 959 N.W.2d 769 (2021). Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id.*

## ANALYSIS

Ostermeier argues that contrary to the district court's findings in denying his motion for absolute discharge, no good cause existed in his specific case relating to the COVID-19 pandemic and that he neither explicitly nor implicitly consented to any continuance of the trial. He further notes that no written order was entered setting trial until February 2, 2021, nor were any orders entered which continued the case due to the pandemic. As such, he believes that his speedy trial rights were violated.

*Good Cause.*

In Nebraska, a criminal defendant's statutory speedy trial rights are governed by Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). Section 29-1207 requires that every person indicted or informed against for any offense shall be brought to trial within 6 months and generally provides that the 6-month period shall commence to run from the date the indictment is returned or the information filed. See *State v. Jennings*, 308 Neb. 835, 957 N.W.2d 143 (2021). The primary burden of bringing an accused person to trial within the time provided by law is upon the State. *State v. Hernandez, supra*.

[3] To calculate the time for statutory speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Hernandez, supra.* If a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded

periods, he or she shall be entitled to his or her absolute discharge from the offense charged. *State v. Hernandez, supra.*

[4,5] A period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel is excludable. § 29-1207(4)(b). Periods of delay are excludable if the court finds that they are for good cause. § 29-1207(4)(f). "Good cause," for purposes of § 29-1207(4)(f), is not defined by statute, but the Supreme Court has found that good cause means a substantial reason and one that affords a legal excuse. See *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022). Good cause is a factual question dealt with on a case-by-case basis. *Id.* A district court's good cause finding must be supported by the evidence in the record. *Id.* The court must make specific findings as to the good cause which resulted in the delay. *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021). An appellate court will give deference to such factual findings unless they are clearly erroneous. *Id.*

We note that the Supreme Court has stated that docket congestion can be a good cause for delay in speedy trial calculations. *State v. Sommer*, 273 Neb. 587, 731 N.W.2d 566 (2007). And, in general, the COVID-19 pandemic has been found to constitute good cause for delay. See *State v. Brown, supra.*

The Supreme Court has recently addressed good cause findings made by trial courts due to the COVID-19 pandemic in several cases. In *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021), Amandah Chase filed a motion for absolute discharge asserting that her statutory and constitutional rights to a speedy trial were violated. The record indicated that the case was continued one time on Chase's motion and three times by the trial court sua sponte. However, at the time the trial court on its own decided to continue the case, it made no findings as to good cause. At the hearing on Chase's motion for absolute discharge, the State offered into evidence and asked the county court to take judicial notice of 11 exhibits containing administrative orders and other documents of the

Supreme Court and Douglas County relating to the COVID-19 pandemic. Included in this evidence was an affidavit from the clerk of the district court who averred that due to the COVID-19 pandemic, he would be unable to notify and impanel prospective jurors for a jury trial. In addition, there was an administrative order from the presiding district court judge, continuing for good cause all jury trials because the court could not conduct jury trials within the social distancing guidelines for protection of the public during the pandemic. Ultimately, the county court found that the continuances were on the court's own motions and that the State had proved by a preponderance of the evidence that Chase's rights were not violated because the 96 days attributable to the court's decisions to delay the case were excludable for good cause due to the nationwide COVID-19 pandemic.

[6,7] On appeal, the Supreme Court in *Chase* affirmed the order of the district court which affirmed the county court's findings. The Supreme Court found that the denial of Chase's motion for absolute discharge was proper because the State presented competent evidence that conditions relating to the COVID-19 pandemic were present at the time of the judicial delays. The Supreme Court first explained that when a trial court makes a sua sponte decision to delay trial, the statutory speedy trial rights of the defendant are implicated. Thus, exclusion of the period attributable to such delay is governed by a showing on the record of good cause as described by § 29-1207(4)(f). *State v. Chase, supra.* The Supreme Court found, however, that evidence of good cause can be properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial. See *id.* The only timing requirement implicit in § 29-1207(4)(f) is that the substantial reason affording a legal excuse objectively existed at the time of the delay. *State v. Chase, supra.* Ultimately, the Supreme Court found that the State presented sufficient evidence that conditions relating to the COVID-19 pandemic existed at the time

of the delay and that these conditions provided good cause for continuing the case. *Id.*

Subsequent to the decision in *State v. Chase, supra*, the Supreme Court released its opinion in *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021). In *Brown*, the Supreme Court affirmed the order of the district court for Lancaster County which overruled Joshua Brown's motion for absolute discharge. At the hearing on Brown's motion for discharge, the State presented evidence that included the specific continuance orders of the district court which contained its own findings regarding the pandemic, as well as newspaper articles regarding restrictions imposed by the district court related to the COVID-19 pandemic. In addition, the trial court took judicial notice of general orders issued by the Lancaster County District Court related to the pandemic. Brown presented evidence of Supreme Court orders entered in April and June 2020 to the effect that judicial mission essential functions shall be implemented. In its order ruling on Brown's motion to discharge, the trial court also took note of various orders and declarations of public officials and directives of health agencies.

The Supreme Court in *Brown* concluded that the trial court's finding of good cause for the continuance was not clearly erroneous. The Supreme Court considered all the evidence that was presented at the hearing on the motion to discharge and the facts of which the district court properly took judicial notice. As a result, the Supreme Court found that circumstances caused by the pandemic supported the trial court's finding of good cause. However, the Supreme Court cautioned that this finding was within the context of the COVID-19 pandemic and the circumstances and conditions that existed at the time the continuances were ordered. Therefore, the Supreme Court in *Brown* concluded that in the context and under the circumstances in which the court ordered the continuances in March and May 2020, the court's finding that such continuances were for good cause was not clearly erroneous.

[8] In *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022), the Supreme Court acknowledged that *State v. Brown, supra*, provided that as a general matter, the COVID-19 pandemic and the public health interests attendant thereto may provide good cause for delays. However, the Supreme Court reiterated that the determination in *Brown* was based on the specific context and circumstances in existence at the time it was decided. *State v. Moody, supra*. The Supreme Court then addressed whether good cause existed with respect to delays due to the COVID-19 pandemic between November 2020 and April 2021. *Id.*

At the hearing on the defendant's motion for discharge in *Moody*, the trial court took judicial notice of the files in the case and received into evidence an affidavit from the court's bailiff, various orders filed by the trial court, and the orders filed by the presiding judge of the district court. The record indicated that the trial court's continuance orders were prompted by the presiding district court judge's orders requiring all judges of the district court to limit the number of criminal trials and to continue all other trials that required a jury. *Id.* In addition, the presiding district court judge's orders described the specific context and circumstances that prompted these delays, noting that there were ongoing social distancing restrictions and a resurgence of the COVID-19 pandemic which resulted in a backlog of criminal and civil cases requesting jury trials. *Id.*

On appeal, the Supreme Court in *Moody* affirmed the decision of the district court finding that the delays were excludable due to good cause. The Supreme Court found that there was sufficient evidence regarding the context and circumstances that were in existence at the specific periods that the continuances were ordered for reasons relating to the COVID-19 pandemic, the related public health concerns and restrictions, the effect of the pandemic, and related restrictions on the district court's ability to hold jury trials. *Id.*

With the reasoning of these cases in mind, we now turn to the present case. Ostermeier was charged by information on

August 14, 2020. Ostermeier was arraigned on October 6, and a jury trial was ordered to commence during the January 11, 2021, jury term. In November 2020, the district court recognized the ongoing health emergency that existed and, by way of its November 2020 Administrative Order, continued all jury trials scheduled in the December 2020 jury term to January 2021 due to the resurgence of the COVID-19 pandemic. The December 23, 2020, orders continued jury trials for the January 11, 2021, jury term to March 15. According to Svoboda, only two of the cases continued were actually held during the March term. Each of these cases had higher priority than Ostermeier's case. All other criminal jury trials that were scheduled for the March 15, 2021, jury term were continued to the May 10 jury term. Likewise, during the course of the February 2 hearing, the district court continued Ostermeier's jury trial to the May 10 jury term. Although the district court did not articulate its good cause for continuing the jury trial following the February 2 hearing, the State presented evidence at the hearing on the amended motion for discharge that the trial was continued due to the COVID-19 pandemic, the court's diminished ability to hold jury trials during this time, and the backlog of cases that was created due to the pandemic.

Ostermeier points to the administrative orders of the Supreme Court and the Nebraska Pandemic Bench Book in support of his argument that good cause did not exist for delaying trial in this case. He notes that the administrative orders declare that the trial courts are to remain open. He cites § 5.0.3 of the Nebraska Pandemic Bench Book for the proposition that "the constitutional right to a speedy trial and an impartial jury requires courts to continue to perform this function."

We first note that throughout the period of the pandemic, the Supreme Court has issued administrative orders related to the functioning of the trial courts. Some of those orders were received in *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021). While those orders have required the trial courts to stay open, they have not mandated that courts conduct trials

and hearings without regard to public health mandates and guidance. The court has repeatedly found that health concerns generated by the pandemic can constitute good cause for continuing criminal trials. See, *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022); *State v. Brown, supra*; *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021).

We further note that the Nebraska Pandemic Bench Book does not constitute binding authority on the trial courts; rather, by its own terms, § 1.0.1 states:

> The goal of this Pandemic Bench book is to assist the judicial branch in preparing to face the issues that arise when a pandemic or other public health emergency impacts the ability to hold court. This resource will provide judges with practical suggestions and legal authorities as the branch strives to keep courts open during a pandemic.

While the suggestions in the bench book are made for the benefit of judges who must weigh the health of litigants, attorneys, court staff, and jurors against the rights of an accused person, they do not serve as hard and fast rules. Ostermeier cites us to no authority that codifies the guidelines and suggestions set out in the bench book.

Ostermeier also cites to the absence of any written orders regarding the original trial setting or continuances of that setting prior to the order entered on February 2, 2021. He further notes that no findings were made by the court on February 2 which demonstrate good cause for a continuance. We acknowledge that the written record is devoid of orders regarding the trial setting or continuing the trial from the January 11 jury term. We note, however, that the lack of written orders was explained in the evidence adduced at the time of hearing on Ostermeier's motion for discharge. The written orders were not entered because of the absence of the court's bailiff. There was no intentional act or reckless omission which left the record incomplete.

More importantly, we find no authority that finds that a written order for trial is indispensable for purposes of

determining whether a defendant's speedy trial rights have been violated. Ostermeier cites us to Neb. Rev. Stat. § 25-914 (Reissue 2016), which reads "Every direction of a court or judge, made or entered in writing and not included in a judgment, is an order." First, we note that this statute is found in chapter 25 of our statutes relating to civil procedure. But even if applicable, the statute does not say that orders made on the record in open court are not orders. Here, our record is clear that a trial setting was made at the October 6, 2020, arraignment. The parties were present and thereafter operated under the assumption that trial would be held during the January 11, 2021, jury term. The record is also clear that although no order can be found in our record that continued the case past January 11, a status hearing was set for January 25 and then was continued to February 2 due to inclement weather. No motion was filed to clarify why the case was not tried on January 11, and no inquiry was made to the bailiff or the clerk of the district court by either party. We can find no reason why the absence of a written order for trial is necessary to our analysis or is prejudicial to Ostermeier.

Similarly, while we acknowledge that it would be preferable that there be an order of continuance in our case file which demonstrates whether the continuance was entered based on a motion by one of the parties or was entered sua sponte by the court, we find that given the record provided in this case, the absence of such an order does not require us to find that Ostermeier's speedy trial rights were violated. We first note our prior discussion of *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021). The Supreme Court found in *Chase* that a court which continues a case sua sponte is not required to articulate its reasons for good cause at the time the order is entered. Rather, "[t]he only timing requirement implicit in § 29-1207(4)(f) is that the substantial reason affording a legal excuse objectively existed at the time of the delay." *State v. Chase*, 310 Neb. at 172, 964 N.W.2d at 263. We find that the record herein provides sufficient information regarding the

delays which occurred to be adequate for the district court and this court to make a determination of the issues presented by the motion to discharge. We caution that in other cases under different circumstances, we may not reach this conclusion. But here, despite the omission of written orders of continuance being entered in this case, we nonetheless find that the record provided is sufficient.

The record in this case provides sufficient evidence regarding the context and circumstances that were in existence during the specific periods that the continuances were ordered in conjunction with this case relating to the COVID-19 pandemic, the related public health concerns and restrictions, and the effect of the pandemic and related restrictions on the district court's ability to hold jury trials. The November 2020 Administrative Order demonstrated that the pandemic had reached the "'Severe'" stage, causing cases set for jury trial in December to be continued. While this order does not cover the present case, it does demonstrate that cases set prior to this case were being added to the January 2021 jury panel. Based on the affidavits of Svoboda and the December 23, 2020, orders entered in the other cases set for trial during the January 11, 2021, jury term, the risks associated with the COVID-19 pandemic had significantly increased, placing the public and court personnel at risk. These orders continued additional cases, placing additional strain on the district court's ability to hear cases. This congestion of cases resulted in further delays which ultimately resulted in many cases being delayed from January 2021 to May 2021. Based on the whole of the record, there was sufficient evidence to demonstrate that there was good cause to continue Ostermeier's trial from January 11 to the February 2 status hearing due to the COVID-19 pandemic and inclement weather. There was also sufficient evidence to demonstrate that good cause existed to continue the trial to the May jury term due to a backlog of cases that had occurred due to the pandemic. The evidence demonstrates the dramatic rise in the number of cases placed into the March and May

jury terms as compared with January. While there was evidence that some cases may have been brought to trial, there is no indication that sufficient time existed to try all of the backlogged cases prior to the May term. In addition, the fact that two cases assigned to other judges were continued to May based on reasons other than the pandemic does not negate the backlog that remained. Accordingly, we find, as did the district court, that the period from December 23, 2020, to February 2, 2021, was properly excludable for good cause due to the COVID-19 pandemic. We further find that the period from February 2 until May 10 was excludable based on the backlog of cases created due to the pandemic. As such, we find no clear error in the district court's speedy trial computation which found that at the time the motion to discharge was filed, 52 days remained to bring Ostermeier to trial.

*Consent.*

[9] Having determined that the district court committed no clear error with respect to its exclusion of time based on good cause for the delays in trial, we need not express an opinion on whether counsel for Ostermeier consented to the May 2021 trial setting. We further express no opinion on whether counsel for Ostermeier moved for a later trial date when he declined the court's offer to set the case for trial in November 2020, but, rather, requested that the case be set in January 2021. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *In re Conservatorship of Abbott*, 295 Neb. 510, 890 N.W.2d 469 (2017).

## CONCLUSION

We find no clear error in the district court's decision to deny Ostermeier's amended motion for absolute discharge.

AFFIRMED.